UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRISTINA MARIE MITCHELL, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 4:16CV390 HEA |
| ST. LOUIS COUNTY, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, this action is dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against St. Louis County, the St. Louis County Courthouse, the St. Louis County Police Department, and John and Jane Doe. John and Jane Doe are alleged to be security officers at the St. Louis County Courthouse.

Plaintiff alleges that as she entered the Courthouse on court-related business, John Doe grabbed her arm and asked her if she had business there. She says that she was kept "in the security area for a period of time talking to [Jane Doe, who] [a]scertain[ed] that she did indeed have court business to attend to."

## Discussion

Plaintiff's claim against St. Louis County is frivolous. To state a claim against a local government, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any factual allegations showing that a policy or custom of St. Louis County caused a constitutional violation.

Plaintiff's claims against the Courthouse and the Police Department are legally frivolous because they cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

An excessive force claim "is analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Kuha v. City of Minnetonka*, 328 F.3d 427, 434 (8th Cir.2003) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989)). This test "is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S. Ct. 1861, 60 L. Ed.2d 447 (1979). "[T]he 'reasonableness' inquiry in an excessive force

case is an objective one: the question is whether the officers' actions are 'objectively reasonable.'" *Graham*, 490 U.S. at 397. In sum, "the nature and quality of the intrusion on the individual's Fourth Amendment interests [must be balanced] against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703, 103 S. Ct. 2637, 77 L. Ed.2d 110 (1983).

There are no non-conclusory factual allegations showing that the actions of John and Jane Doe were not objectively reasonable. The act of grabbing her arm and holding her to ascertain whether she should be let in to the courthouse are objectively reasonable in light of the need for courthouse security. She does not allege that she was injured or hurt in any way. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 3rd day of May, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE